## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

AARON OLSON,

        Plaintiff,

v.

CHRISTOPHER KOPEL, AUSTIN PETERSON,
SIV YURICHUK, KARL SCHRECK,
TODD McMURRAY, RON ROLLINS,
STEVEN PAVONI, CHISAGO COUNTY,
WASHINGTON COUNTY & CITY OF
FRIDLEY,

        Defendants.

Civil No. 14-0306 (DWF/JJG)

**REPORT AND
RECOMMENDATION**

---

This case is before the undersigned United States Magistrate Judge on Plaintiff's

application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C.

§ 1915(a)(1).   (Docket No. 2.)   The matter has been referred to this Court for report and

recommendation under 28 U.S.C. § 636 and Local Rule 72.1.   For the reasons discussed

below, the Court will recommend that Plaintiff's IFP application be denied, and that this

action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, if the plaintiff

has filed a complaint that fails to state a claim on which relief may be granted.   28 U.S.C.

§ 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific

historical facts, which, if proven true, would entitle the plaintiff to some redress against the

named defendant(s) under some cognizable legal theory.   See Martin v. Aubuchon,

623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings

liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").   "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).   The facts supporting a plaintiff's claims must be clearly alleged.   Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."   <u>Stone v. Harry</u>, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff's complaint describes several events that allegedly occurred in three different counties over a period of more than five years.   Most of Plaintiff's complaint is extremely difficult to decipher.   It can fairly be said, however, that the complaint describes a loosely connected series of interactions between Plaintiff and various law enforcement officials, and various county and city entities.   Plaintiff apparently believes that he was mistreated during the course of those interactions, and he is now attempting to sue some of the officials and municipal entities mentioned in his complaint, based on a variety of legal theories.

The caption of Plaintiff's complaint indicates that this lawsuit is based on "Violation of 42 U.S.C. § 1983 through Abridgements of First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; Violation of Americans with Disabilities Act; Torts of Negligence, False Imprisonment, Defamation of Character, Invasion of Privacy, Intentional Infliction of Emotional Distress."   However, none of those statutes or legal doctrines is mentioned in the complaint itself, and Plaintiff has made no effort to show why he believes he should be granted redress under any of those statutes or doctrines.   Most importantly, Plaintiff has not alleged a set of facts that would support a

cause of action under any of the statutes or legal doctrines cited in the caption of his complaint.

The Court notes, in particular, that Plaintiff has not described any specific act or omission by any named Defendant which allegedly violated any specific right guaranteed by the federal Constitution.   Therefore, Plaintiff has failed to plead an actionable § 1983 civil rights claim.   See Iqbal, 556 U.S. at 676 (to state an actionable civil rights claim "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").   Plaintiff has also cited the Americans with Disabilities Act, ("ADA"), but the allegations in his complaint do not show that he has a disability that would entitle him to legal protection under the ADA.   Nor has Plaintiff alleged any facts showing that any Defendant discriminated against him in any way because of any disability.   Plaintiff also has failed to show why he believes he could be entitled to redress under any of the various state common law tort theories listed in the caption of his complaint.[1]

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).   Plaintiff's current complaint does not meet this standard.   Plaintiff has not alleged any facts, which if proven true, would establish that any of the named Defendants violated his rights under the federal laws or state legal theories listed in the caption of his complaint.   Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)

---

[2]   Even if Plaintiff could show grounds for bringing a state law tort claim, no such claim would be entertained here, because Plaintiff has not presented an actionable federal claim that would allow for supplemental jurisdiction over a state law claim under 28 U.S.C. § 1367.

(per curiam)), Plaintiff's current complaint fails to state an actionable claim for relief. Again, the allegations in Plaintiff's complaint do not describe any acts or omissions by any of the Defendants that could support any cause of action against any of them based on any of the legal grounds mentioned in the complaint, (or any other conceivable federal or state law).

Because Plaintiff's complaint fails to state a cause of action on which relief can be granted, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.      Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2.      This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: March 11, 2014                    _s/ Jeanne J. Graham_____
                                         JEANNE J. GRAHAM
                                         United States Magistrate Judge


## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 26, 2014**.   A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words.   The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.